UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SCOTT LAZAREK AND HENRY BRETON,
Individually and on Behalf of All Others Similarly
Situated,

          Plaintiffs,

                                     Case # 15-CV-6361-FPG

v.                                     DECISION & ORDER

AMBIT ENERGY HOLDINGS, LLC, AMBIT
NEW YORK, LLC, and AMBIT NORTHEAST, LLC

          Defendants.

## INTRODUCTION

Scott Lazarek and Henry Breton ("Plaintiffs") allege that Ambit Energy Holdings, LLC,

Ambit New York, LLC, and Ambit Northeast LLC (collectively "Ambit") misled consumers

regarding the costs of the services it provides and failed to disclose hidden fees. *See* ECF No. 1.

On August 21, 2015, Defendants moved to dismiss Plaintiffs' complaint. *See* ECF No. 15. On

October 30, 2015, Plaintiffs filed their response to Defendants' motion to dismiss. *See* ECF No.

21. For the reasons stated below, Defendants' motion to dismiss is DENIED.

## BACKGROUND[1]

Plaintiffs Scott Lazarek and Henry Breton are former customers of Ambit Energy.[2] *See*

ECF No. 1 at ¶ 9-10. Ambit is an energy service company ("ESCO") that purports to "help

[customers] budget [their] household expenses and avoid the highs and lows of the usual energy

---

[1] Unless otherwise noted, the following facts are taken from the factual allegations made in the Complaint.
*See* ECF No. 1. For the purposes of this Motion to Dismiss, the factual allegations made in the Complaint are assumed to be true. FED. R. CIV. P. 12(b)(6).
[2] The Plaintiff Lazarek was an Ambit customer from around February 2012 to August 2014. *Id.* at ¶ 9.
Plaintiff Breton was an Ambit customer from around February 2013 to February 2015. *Id.* at ¶ 10.

bill." *Id.* at ¶ 4. In New York and Maryland, energy consumers can chose to purchase natural gas and electricity either through a traditional public utility or through a third-party energy supplier like Ambit. *Id.* at ¶ 24. If a consumer selects Ambit as their energy supplier, Ambit supplies the energy and a traditional utility company delivers it. *See* ECF No. 15 at 2. Ambit also offers some value-added services, such as budget billing, to its customers. *See* ECF No. 1 at ¶¶ 2-4. Ambit's budget billing service allows customers to pay a set monthly rate based on the customer's average monthly amount owed. *Id.* If the customer uses more energy than the average monthly rate predicted, the customer will carry a balance. *Id.* at ¶ 3. To that end, if the customer discontinues its service with Ambit while the amount of energy used exceeds the amount billed, the customer must pay the difference. *Id.*

One June 15, 2015, Plaintiffs initiated this class action lawsuit against Ambit for violations of New York and Maryland consumer protection laws and for unjust enrichment. *See* ECF No. 5. Plaintiffs allege that, when they discontinued their services with Ambit, the company used "at least two illegal tactics" to charge them "undisclosed fees." *Id.* at ¶ 29. According to Plaintiffs, Ambit first failed to tell them "their budget payments [were] not covering all amounts due" and second added unexpected "budget billing 'settlement' charges" to their final bills. *Id.*

Specifically, Plaintiffs allege that Ambit Energy Holdings and Ambit New York charged Plaintiff Lazarek $334.02 more than he owed and buried that overage in a line item labeled "budget billing settlement." *See id.* at ¶¶ 30-32. Plaintiff Lazarek's final bill indicated that he consumed a total of $5,295.03 worth of gas and electric in 2014. *Id.* Through his average monthly payments, Lazarek had already paid a total of $4,550.60 in 2014. *Id.* Thus, at the end of the billing period, he owed Ambit $744.43 to account for the difference. *Id.* However, Ambit charged him a total of $1,078.35 for "budget billing settlement." *Id.*

Similarly, Plaintiffs allege that Ambit Energy Holdings and Ambit Northeast charged Plaintiff Breton $597.27 in surprise "settlement" charges. *Id.* at ¶ 34. Plaintiffs allege that, prior to Breton's final bill for Ambit-supplied energy, his bills indicated that the average monthly rate covered the actual amount of natural gas that he used. *Id.* But Breton's final bill "contained a $597.27 settlement charge for his gas account that was entirely unexpected and unexplained." *Id.* Plaintiff alleges that his energy bills usually carried a $250 balance, but his final bill totaled $1,518.14. *Id.* at ¶¶ 33-34.

On August 21, 2015, Defendants moved to dismiss Plaintiffs' Amended Complaint. *See* ECF No. 14.

## DISCUSSION

Defendants argue that Plaintiffs' complaint should be dismissed for three reasons. First, Defendants argue that this Court should refrain from exercising jurisdiction over this case because it involves a utility and, for that reason, the New York and Maryland Public Service Commissions have primary jurisdiction over the dispute. *See* ECF No. 15 at 5-9. Second, Defendants argue that the complaint should be dismissed under Federal Rule of Civil Procedure 8(a) for failure to satisfy the notice-pleading requirement. *See id.* at 9-10. Third, Defendants argue that the complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See id.* at 11-25.

### I.     Primary Jurisdiction

The doctrine of primary jurisdiction "represents a version of the administrative exhaustion requirement." *Goya Foods, Inc. v. Tropicana Prod., Inc.*, 846 F.2d 848, 851 (2d Cir. 1988). A claim that "requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body," raises primary jurisdiction questions.

*Id.* Defendants assert that, because this case involves a public utility, the Court should allow New York and Maryland Public Service Commissions to resolve the billing disputes at issue. The Court disagrees.

As an initial matter, the doctrine of primary jurisdiction gives courts the discretion to refrain from exercising jurisdiction over a case. *United States v. Western Pacific R.R.*, 352 U.S. 59, 64 (1956) ("No fixed formula exists for applying the doctrine of primary jurisdiction. In every case the question is whether the reasons for the existence of the doctrine are present and whether the purposes it serves will be aided by its application in the particular litigation."). In fact, the doctrine of primary jurisdiction has a "relatively narrow scope." *Goya Foods*, 846 F.2d at 851. "The doctrine has been applied only when a lawsuit raises an issue . . . committed by Congress in the first instance to an agency's determination, 'particularly when the issue involves technical questions of fact uniquely within the expertise and experience of an agency." *Id.* (quoting *Nader v. Allegheny Airlines, Inc.*, 426 U.S. 290, 304 (1976)).

There is no reason for the Court to refrain from exercising jurisdiction over this case. Two policy considerations justify the application of the doctrine of primary jurisdiction: First, the doctrine ensures "[u]niformity and consistency in the regulation of business entrusted to a particular agency." *Nader*, 426 U.S. 290, 303-04 (1976) (internal quotation marks omitted). Second, in certain contexts, "expert and specialized knowledge of [] agencies" should be ascertained before judicial consideration of a legal claim. *Western Pacific R.R.*, 352 U.S. at 64. The billing dispute at issue in this case does not implicate either of these policy concerns. The complaint does not challenge the rate that Defendants charged for natural gas or electricity. *See* ECF No. 1. Rather, Plaintiffs allege that Defendants charged more than that rate applied to the amount of energy used. *Id.* Resolving that issue will not compromise the regulation of natural gas

or electricity and does not require specialized knowledge. Accordingly, the Court declines to refrain from exercising jurisdiction over this case.

## II. Failure to Satisfy Rule 8(a)

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In other words, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). That requirement "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "formulaic recitation of the elements of a cause of action" or "naked assertion devoid of further factual enhancement" will not do. *Id.* at 678 (internal quotation marks and citations omitted).

The purpose of this requirement is to "provide fair notice of the claims and to enable the adverse party to answer the complaint and prepare for trial." *Strunk v. U.S. House of Representatives*, 68 F. App'x 233, 235 (2d Cir. 2003). A complaint fails to satisfy Rule 8(a)'s requirements when it is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). That said, a complaint need not be "a model of clarity." *Atuahene v. City of Hartford,* 10 F. App'x. 33 (2d Cir. 2001). The complaint will satisfy Rule 8(a) as long as it provides "fair notice of what the plaintiff's claim is and the ground upon which it rests." *Id.*

Defendants argue that Plaintiffs' complaint fails to satisfy Rule 8(a) because its factual allegations fail to distinguish among the three defendants. *See* ECF No. 15 at 9-11. Defendants note that Plaintiffs refer to Defendant Ambit Energy Holdings, Defendant Ambit New York, and Defendant Ambit Northeast collectively as "Defendants" or "Ambit." *See id.* at 10. Defendants

assert that this group pleading fails to give each defendant notice of the claims against it. *Id.* at 11. The Court disagrees.

Although, at times, Plaintiffs' complaint refers to Defendants collectively as "Defendants" or "Ambit," it also distinguishes between each defendant and describes how each defendant participated in the challenged conduct. Plaintiffs allege that Defendant Ambit New York billed Plaintiff Lazarek and Defendant Ambit Northeast, formerly known as Ambit Maryland, billed Plaintiff Breton. *See* ECF No. 1 at ¶¶ 16, 18. Plaintiffs also allege that Defendant Ambit Energy Holdings was involved in both billing processes—both bills "instruct[ed] consumers to call the holding company's Plano, Texas call center" with questions concerning their bill. *Id.* Further, Plaintiffs allege that both bills direct consumers to the website of Defendant Ambit Energy Holdings for more information. *Id.* Indeed, Plaintiffs allege that the billing statements refer generally to "Ambit Energy." *Id.* at ¶ 19. Plaintiffs assert that, although there is no corporate entity called "Ambit Energy," the last listed owner of the federal trademark "Ambit Energy" is Defendant Ambit Energy Holdings. *Id.*

"Nothing in Rule 8 prohibits collectively referring to multiple defendants where the complaint alerts defendants that identical claims are asserted against each defendant." *Vantone Group Ltd. Liability Co. v. Yangpu NGT Indus. Co.*, No. 13-CV-7639, 2014 WL 354676, at *4 (S.D.N.Y. July 2, 2015). Here, Plaintiffs allege that Ambit Energy Holdings and Ambit New York acted jointly in billing Plaintiff Lazarek and Ambit Energy Holdings and Ambit Northeast acted jointly in billing Plaintiff Breton. Plaintiffs need not elaborate further on each defendant's role in that conduct to comply with Rule 8(a). The test under Rule 8(a) is simply whether Defendants have received adequate notice of the claims. *Wydner v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004).

Because the Court finds that Plaintiffs provided Defendants with notice of the claims asserted against them, there is no basis for dismissal pursuant to Rule 8(a).

## III.     Failure to State a Claim under Rule 12(b)(6)

To succeed on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the defendant must show that the complaint contains insufficient facts to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 555-56. Plausibility "is not akin to a probability requirement." *Iqbal*, 556 U.S. at 678 (quotation marks omitted). Rather, plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (internal quotation marks omitted).

Defendants challenge the sufficiency of Plaintiffs' allegations under the New York General Business Law, Maryland's Consumer Protection Act, and unjust enrichment. *See* ECF No. 15.

### a.  The New York General Business Law

The New York General Business Law § 349-d(3)[3] prohibits any person "who sells or offers for sale any energy services for, or on behalf of, an ESCO" from "engag[ing] in any deceptive acts or practices in the marketing of energy services." The scope of § 349 is "intentionally broad."

---

[3]     The elements of New York General Business Law §§ 349(a) and 349-d(3) are the same. *See Claridge v. North American Power & Gas, LLC*, No. 15-CV-1262, 2016 WL 7009062, at *5 (Nov. 30, 2016 S.D.N.Y.). For that reason, the Court will analyze the first and second counts of the complaint together.

*Claridge v. North American Power & Gas, LLC*, No. 15-CV-1262, 2016 WL 7009062, at \*5 (S.D.N.Y. Nov. 30, 2016) (citing *Blue Cross & Blue Shield of N.J., Inc. v. Phillip Morris USA Inc.*, 3 N.Y.3d 200, 205-06 (2004)). To state a claim under it, a plaintiff must allege "first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." *Yang Chen v. Hiko Energy, LLC*, No. 14-CV-1771, 2014 WL 7389011, at \*3 (S.D.N.Y. Dec. 29, 2014) (quoting *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000)). Notably, "[j]ustifiable reliance by the plaintiff is not an element of the statutory claim." *Claridge*, 2016 WL 7009062, at \*5 (citing *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (2012)).

Ambit argues that Plaintiffs' allegations under § 349-d(3) are insufficient because the factual allegations are inaccurate, the challenged conduct was not materially misleading, and the challenged conduct did not cause Plaintiff Lazarek's injury. *See* ECF No. 15 at 11-18. The Court disagrees with each of those arguments.

First, Ambit argues that Plaintiffs' allegations are not factually accurate. *See id.* at 12-14. This argument holds no water. For the purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555 (noting that courts must assume "that all the allegations in the complaint are true (even if doubtful in fact)")).

Second, Ambit argues that Plaintiffs do not plausibly allege that the challenged act was materially misleading. *See* ECF No. 15 at 15-17. Ambit argues that Plaintiffs' allegations are not plausible because consumers are charged with the knowledge of publically available information, *see id.* at 15 (citing *Karakus v. N.Y. Dep't of Consumer Affairs*, 979 N.Y.S.2d 567, 568 (1st Dep't 2014) and *Westinghouse Elec. Corp. v. '21' Int'l Holdings, Inc.*, 821 F. Supp. 212, 222 (S.D.N.Y.

1993)), and publicly available information informed Plaintiffs that Ambit's budget billing required them to pay energy costs that exceeded their monthly bill. *See id.* at 15 (citing State of New York Public Service Commission, Uniform Business Practices (Dec. 2010) (defining ESCO budget billing generally and stating that "[i]nstallment amounts . . . may include reconciliations at the end of the budget period to account for differences between actual charges and installment amounts")). Even assuming § 349-d(3) requires consumers to parse through publically available information to avoid being misled, Defendants' argument fails. Plaintiffs are not asserting that Defendants misled them by charging the difference between the average amount billed and the actual amount of energy that he used. Rather, Plaintiffs are alleging that the numbers do not add up: Ambit, without explanation, charged an amount that exceeded the difference between the energy billed and the energy used. *See* ECF No. 1 ¶¶ 30-32. No publicly available information warned Plaintiffs that Ambit might require them to pay ambiguous, unaccounted for, and unexpected expenses.

Third, Ambit argues that Plaintiffs do not plausibly allege that the challenged act caused the alleged injury. *See* ECF No. 15 at 17-18. Defendants argue that Ambit charged Plaintiff Lazarek only for energy that he consumed. *Id.* at 17. For that reason, Defendants argue Plaintiff Lazarek was not injured. *Id.* at 18. Again, Defendants misunderstand Plaintiffs' allegations and the Court's consideration of factual assertions at the pleading stage. Plaintiffs allege that Ambit charged Lazarek fees in excess of what he owed for energy that he actually consumed. *See* ECF No. 1 at ¶¶ 30-34. That, according to Plaintiffs, is the source of Lazarek's injury. *Id.* In reviewing a motion to dismiss, the Court must assume that Plaintiffs' allegations are true. *Iqbal*, 556 U.S. at 678. Because the Court finds Plaintiffs sufficiently stated a claim under the New York General Business Law, there is no basis to dismiss this portion of the complaint.

### b. Maryland's Consumer Protection Act

Maryland's Consumer Protection Act prohibits "false, falsely disparaging, or misleading" commercial practices. MD. CODE COM. LAW § 13-303. A plaintiff bringing a claim under § 13-301 must allege (1) an unfair or deceptive practice or misrepresentation, (2) reliance, and (3) that the practice or misrepresentation caused the plaintiff injury. *See Farasat v. Wells Fargo Bank, N.A.*, 913 F. Supp. 2d 197, 205 (D. Md. 2012); *Lloyd v. Gen. Motors Corp.*, 916 A.2d 257, 275 (Md. 2007). Section 13-301 prohibits not only active misrepresentations, but also the failure to disclose, or omission of, a material fact. *See* MD. CODE COM. LAW § 13-301(3), (9); *Bank of Am., N.A. v. Jill P. Mitchell Living Tr.*, 822 F. Supp. 2d 505, 534 (D. Md. 2011); *Green v. H&R Block, Inc.*, 735 A.2d 1039, 1059 (Md. 1999). An omission is material "if a significant number of unsophisticated consumers would find [the] information important in determining a course of action." *Green*, 735 A.2d at 1059. A consumer relies on an omission "where it is substantially likely that the consumer would not have made the choice in question had the commercial entity disclosed the omitted information." *Jill P. Mitchell Living Tr.*, 822 F. Supp. 2d at 535.

Ambit argues that Plaintiffs' allegations under § 13-301 are insufficient because those allegations lack factual support, fail to plead reliance, fail to plead causation, and fail to plead materiality.[4] *See* ECF No. 15 at 18-22. The Court disagrees.

Plaintiffs' allegations state a claim under § 13-301. Plaintiffs alleges that, prior to Breton's final bill for Ambit-supplied energy, his bills indicated that the average monthly rate covered the actual amount of gas that he used. ECF No. 1 ¶ 34. But Breton's final bill "contained a $597.27 settlement charge for his gas account that was entirely unexpected and unexplained." *Id.* Plaintiff

---

[4]    Defendants also argue that Plaintiffs' allegations under § 13-301 fail to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See* ECF No. 15 at 22. This argument fails because Plaintiffs' claims under § 13-301 do not trigger Rule 9(b)'s heightened pleading requirements. *See McCormick v. Medtronic, Inc.*, 219 Md. App. 485, 529-30 (2014) (explaining that only § 13-301 claims that "replicate[] common law fraud" must satisfy Rule 9(b) and that a claim of "failure to state a material fact" does not require the plaintiff to plead scienter).

alleges that while his energy bills usually carried a $250 balance, his final bill totaled $1,518.14. *Id.* at ¶¶ 33-34. Those factual allegations support Plaintiffs' assertion that Defendants failed "to disclose the actual balance that customers owe[d] under the budget billing plan." *Id.* at ¶ 67. That omission is material because, as Plaintiffs allege, Ambit purports to "help [customers] budget [their] household expenses and avoid the highs and lows of the usual energy bill." *Id.* at ¶ 4. Consumers intrigued by that promise would find the information about significant, undisclosed expenses helpful in deciding whether to switch from their standard utility company to Ambit's services. *See Green*, 735 A.2d at 1059. Plaintiffs allege that Breton chose Ambit over his local utility company because he was interested in saving money on energy charges. *See* ECF No. 1 at ¶ 33. That allegation supports Plaintiffs' assertion that Breton relied on the omission because "it is substantially likely" that Breton would not have chosen Ambit over his local utility company had Ambit "disclosed the omitted information." *Jill P. Mitchell Living Tr.*, 822 F. Supp. 2d at 535.

Because the Court finds Plaintiffs sufficiently stated a claim under Maryland's Consumer Protection Act, there is no basis to dismiss this portion of the complaint.

### c. Unjust Enrichment

"A person who is unjustly enriched at the expense of another is subject to liability in restitution." Restatement (Third) of Restitution & Unjust Enrichment § 1 (2011). Defendants argue that Plaintiffs' unjust enrichment claim should be dismissed because it fails to meet Federal Rule of Civil Procedure 9(b)'s heightened pleading standard, it fails to assert which state law applies, and it fails to state a plausible claim for relief on behalf of consumers outside of New York and Maryland. *See* ECF No. 15 at 22-24. The Court disagrees in all respects.

First, Rule 9(b)'s heightened pleading standard does not apply to Plaintiff's unjust enrichment claim. *Zucker v. Katz*, 708 F. Supp. 525, 530 (S.D.N.Y. 1989) ("Rule 9(b) is not applicable to . . . unjust enrichment claims."); *State Farm Mut. Auto. Ins. v. Grafman*, 655 F. Supp. 2d 212, 222

n.4 (S.D.N.Y. 2009); *D.A. Collins Const. Co. v. ICOS/NCCA a Joint Venture*, No. 91-CV-933, 1994 WL 328626, at *7 (N.D.N.Y. June 28, 1994).

Second, Defendants argue that "Plaintiffs fail[ed] to plead which state's law applies to their unjust enrichment claims" and that "[t]his failure alone is sufficient to dismiss Plaintiffs' unjust enrichment claim." ECF No. 15 at 22. The Court disagrees. The elements of unjust enrichment are similar in every state, *see In re Credit Default Swaps Antitrust Litig.*, No. 13-MD-2476, 2014 WL 4379112, at *18 (S.D.N.Y. Sept. 4, 2014) (citing Daniel R. Karon, *Undoing the Otherwise Perfect Crime: Applying Unjust Enrichment to Consumer Price-Fixing Claims*, 108 W. VA. L.REV. 395, 410 & n.79 (2005) (listing elements of states' unjust enrichment laws)), and Defendants have made no showing that any differences in various states' laws are material at this stage of the litigation. *See id.*

Third, Defendants argue that the complaint "is devoid of any allegations that would plausibly give rise to a claim for relief on behalf of any non-New York or Maryland putative class members." ECF No. 15 at 24. This argument, made prior to discovery pertaining to a class certification motion, is premature. Plaintiffs have alleged that Defendants offer the allegedly deceptive budget-billing plan at issue in several markets across the United States. *See* ECF No. 1 at ¶ 2. Defendants may raise their objections regarding class certification in a Rule 23 motion.

## CONCLUSION

For the reasons stated, Defendants' Motion to Dismiss (ECF No. 15) is DENIED.

IT IS SO ORDERED.

Dated: 9/28/2017
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court