UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT LAZAREK AND HENRY BRETON,<br><br>Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMBIT ENERGY HOLDINGS, LLC, AMBIT NEW YORK, LLC, and AMBIT NORTHEAST, LLC,<br><br>Defendants. | No. 6:15-cv-06361-FPG-MWP<br><br>[PROPOSED] DISCOVERY PLAN |

### I. Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.

### II. Brief Description of Case

Plaintiffs are residential gas and electricity consumers. Defendants market and sell residential gas and electricity in deregulated energy markets across the United States. This proposed class action is brought on behalf of Ambit's customers who claim to have been allegedly financially harmed by Ambit's "budget billing" plan in New York, Maryland, and the other states where Defendants do business. Plaintiffs' complaint alleges violations of New York consumer protection law (Counts I-II), Maryland consumer protection law (Count III), and multistate unjust enrichment (Count IV).

**III. Proposed Discovery Plan**

This Proposed Discovery Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3) and Your Honor's November 7, 2017 Order (ECF No. 39).  The numbering below tracks the numbering in the Court's November 7 Order.

1. All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial.  28 U.S.C. § 636(c).

2. The parties will serve their Rule 26(a)(1) disclosures by December 20, 2017.

3. The parties shall file amended pleadings, if any, on or before April 30, 2018.

4. Pre-class certification discovery shall be completed by August 31, 2018. Plaintiffs' motion for class certification shall be filed on or before September 30, 2018. Defendants agree that the pre-certification discovery period may be extended for up to three months should Plaintiffs request additional discovery to support their motion for class certification, and the deadline for filing the motion for class certification shall be extended proportionally.  If Plaintiffs require additional time for class discovery or filing their class motion, and Defendants object, then Plaintiffs may make an application to the Court.  The parties agree that the only limitation on pre-class certification discovery is that no discovery of Defendants' net worth or financial statements shall occur.

5. Within 14 days following the Court's ruling on Plaintiffs' motion for class certification, the parties shall submit a proposed discovery plan for the completion of fact and expert discovery.

6. Motions to compel discovery will be filed as disputes arise and will follow the requirements of Local Rule 7.

7. The parties expect to submit a joint Rule 26(c) protective order by January 18, 2018.

8. Changes to Rule 30 (depositions), Rule 33 (interrogatories), and Rule 34 (document requests):

  a. Depositions: No changes.

  b. Interrogatories: No changes to the number of interrogatories with the exception that Plaintiffs shall have up to 10 additional interrogatories directed to Defendants' sources of potentially discoverable information, including electronically stored information. Regardless of number, Plaintiffs and Defendants shall each be treated as a "party" for Rule 33 purposes.

  c. Document Requests: No changes.

9. Electronically Stored Information: The parties have commenced the meet and confer process regarding the production of electronically stored information ("ESI") and have decided to defer completion of those discussions and finalization of ESI protocol until Defendant responds to Plaintiffs' written discovery.

10. FRE 502 Agreement: The parties intend to incorporate an agreement on these issues into their proposed ESI Protocol.

11. Dispositive Motion Deadline: To be set by Court after ruling on class certification.

12. Settlement discussions have not taken place.

13. This case is to be tried to a jury. Counsel for the parties have conferred and at this time do not have an estimate of the trial's length.

14. The next Case Management Conference is scheduled for _____ at _____.

Counsel for the Parties:

| | |
|---|---|
|   */s/ Burkett McInturff*                |     */s/ Stephen C. Rasch*              |
| Steven L. Wittels | Stephen C. Rasch |
| J. Burkett McInturff | Michael W. Stockham |
| Tiasha Palikovic | J. Meghan Nylin |
| WITTELS LAW, P.C. | THOMPSON & KNIGHT LLP |
| 18 Half Mile Road | 1722 Routh Street, Suite 1500 |
| Armonk, New York 10504 | Dallas, Texas 75201 |
| Phone: (914) 319-9945 | Phone: (214) 969-2515 |
| Fax: (914) 273-2563 | Fax: (214) 999-1592 |
| slw@wittelslaw.com | Stephen.Rasch@tklaw.com |
| jbm@wittelslaw.com | Michael.Stockham@tklaw.com |
| tpalikovic@wittelslaw.com | Meghan.Nylin@tklaw.com |
| | |
| *Attorneys for Plaintiffs and the Class* | *Attorneys for Defendants* |

SO ORDERED.

                                                                  _____
                                                                  JUDGE MARIAN W. PAYSON
                                                                  United States Magistrate Judge

Dated: _____
        Rochester, New York

## CERTIFICATE OF SERVICE

  I certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure by ECF on this 6th day of December 2017.

                 */s/ J. Meghan Nylin*
                 J. Meghan Nylin